IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSEPH JORDAN, SR., | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 5:05-CR-86 CAR |
| | * | Writ Of Error *Audita Querela* |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Joseph Jordan, Sr., was convicted by jury verdicts (R-196) in this Court on January 30, 2007, of Conspiracy to File False Claims with a Department of the United States Government, as charged in Indictment Count 1, and of Filing False Claims with a Department of the United States Government, in Counts 2-31. He was sentence on September 21, 2007, to a term of imprisonment of 120 months on Count 1 and to a term of 15 months imprisonment on each of Counts 2-31 with these sentences to be served concurrently with each other, but consecutive to the sentence as to Count 1, for a total sentence of 135 months imprisonment. (R- 271, 275). Petitioner Jordan filed a Notice of Appeal, which was dismissed on April 29, 2008, by the United States Court of Appeals for the Eleventh Circuit for failure to prosecute same. (R-344).

On July 30, 2009, Petitioner Jordan filed a Writ Of Error *Audita Querela* Pursuant to Title 28 U.S.C.§ 1651, the All Writs Act. (R-349). Petitioner begins his Motion emphatically stating that, THIS IS NOT A MOTION PURSUANT TO TITLE 28 U.S.C.§ 2255. He adds, "The Plaintiff claims a newly recognized defense against the infirmities created by said judgment, which was correct when rendered but now is infirm by matters of law arising after the judgments rendition." *Id.* at 1. Petitioner's choice of the All Writs Act, 28 U.S.C.§ 1651, and particularly his choice of the Writ of *Audita Querela*

appears curious, until Petitioner's colloquy at sentencing is considered. Immediately before sentencing, when Petitioner Jordan was afforded his right of allocution, he stated the following:

> Well, I am here ... by special appearance, not by general, under injuries as secured party and creditor, without wavering (sic) of rights, remedies of defense.

(R-307 at 15). He continued by stating:

> I also have a power of attorney as a secured party of Joseph Jordan. ... Also the UCC. ... Charge Back letter to the Secretary of the Department of Treasury. ... And also the Security Agreement. ... Now, I need to make it clear on the record who is secured party in this matter subject to this order. ... I am the secured party.

*Id.* at 16, 17, 18. Petitioner Jordan further advised the Court, "I am a secured party creditor in this case." *Id.* at 20. Thus, Petitioner Jordan attempted to convert his indictment and felony convictions to a civil financial transaction after the fact, by reference to the Uniform Commercial Code. He now continues that attempted conversion by use of the civil Writ of *Audita Querela* under the All Writs Act codified as 18 U.S.C.§ 1651. He may not do this. In *United States v. Holt,* 417 F.3d 1172 (11th Cir. 2005), our Circuit Court found the following:

> *Audita Querela* was an ancient writ used to attack the enforcement of a judgment after it was rendered. Federal Courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law. *Id.* at 1174, 1175. The writ of *audita querela,* however, may not be granted when relief is cognizable under 28 U.S.C.§ 2255. *Id.*

*See also United States v. Jackson,* 157 Fed. Appx. 252 (11th Cir. 2005) (same). *See United States v. Doyharzabal,* No. 08-14527 (11th Cir. 2009) (Here the relief that [Defendant] seeks - vacating his sentence as unconstitutional - falls within the scope of § 2255. Therefore, he cannot seek relief from his sentence under a writ of *audita querela*).

2

The common law criminal writ of error *coram nobis* might more closely apply to Petitioner Jordan's felony convictions, if legal errors had been committed in the proceedings that resulted in his felony convictions and sentence. However, writ of error *coram nobis* has also been determined unavailable to a prisoner collaterally attacking his sentence. The United States Court of Appeals for the Eleventh Circuit concluded this question of law with finality in *United States v. Mills,* 221 F.3d 1201, 1203-04 (11th Cir. 2000), holding as follows:

> Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice. *See United States v. Swindall,* 107 F.3d 831, 834 (11th Cir. 1997). A courts's jurisdiction over coram nobis petitions is limited to the review of errors "of the most fundamental character." *Mayer,* 235 U.S. at 69, 35 S.Ct. 16. Such errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." *Id.* In addition, courts may consider coram nobis petitions only where no other remedy is available and the Petitioner presents sound reasons for failing to seek relief earlier. *See Morgan,* 346 U.S. at 512, 74 S.Ct. 247.

Petitioner Jordan has foregone his right to file a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (which was heretofore available for him to collaterally challenge his sentence), because he has allowed the one-year period of limitations provided at 28 U.S.C. § 2255(f) to expire, and he has proffered no explanation or sound reason whatsoever for failing to have sought § 2255 relief. The conclusion that this Court should draw from the controlling legal authorities is that Petitioner Jordan has no remedy in the All Writs Act codified as 18 U.S.C.§ 1651, and that he would be time-barred pursuant to 28 U.S.C. § 2255(f), but he can still apply to the Court of Appeals for the Eleventh Circuit for authorization under 28 U.S.C.§ 2244. Nonetheless, an examination of Petitioner Jordan's Motion reveals fatal factual flaws. Petitioner

Jordan correctly notes that the United States Supreme Court ruled in *Gall v. United States,* 128 S.Ct. 586, 603 (2008), that as a result of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), and its progeny, "[T]he lower courts were instructed that the Guidelines must be regarded as 'effectively advisory.'" However, he errs in his recollection of the factual basis for his contention that he is entitled to any relief from his sentence.[1] Petitioner states, as the *condition precedent* to all of his other contentions and arguments in his Writ of Error *Audita Querela* pursuant to Title 28 U.S.C.§ 1651, the following:

> Plaintiff's judgment pursuant to the sentencing proceeding, in which the District Court adhered to the United States Sentencing Guideline as being a mandatory sentencing scheme, is contradictory to the law on review under Audita Querela, [Title 28 U.S.C.§ 1651]. In this case, there can be no question but that the judgment rendered by this Court that sentenced Plaintiff as if the guidelines were **mandatory**, rather than **advisory**, was error under **Booker**.

(R-349 at 3,4. Petitioner Jordan's contention is completely contradicted by the record in his case. The transcript of his sentence hearing held on September 21, 2007 (R-307), reveals that the District Court acknowledged the advisory nature of the formerly mandatory sentencing guidelines, stating the following:

> The presentence report having now been prepared and considered, the Court hereby adjudicates the Defendant guilty of Counts 1 through 31 of the 31 count indictment. This Court recognizes that the Supreme Court's ruling in *United States v. Booker,* sets forth that the District Courts, while not being bound to apply the sentencing guidelines, must consult those guidelines and take them into account when sentencing. In imposing sentence today, the Court has taken the guidelines under advisement and determined that the advisory

---

[1] Petitioner Jordan presents a confused recollection of the facts of his case, when he states, "In this case, Plaintiff was convicted and sentenced prior to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004)." (R-349 at 5). Petitioner Jordan was sentenced on September 21, 2007 (R-271, 275), long after the decisions in both *Blakely* or *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, which was decided on January 12, 2005.

4

> sentencing range is 108 to 135 months, considering an offense level of 30 and a criminal history category of II.

*Id.* at 22.  The District Court also pronounced the following:

> The Court determines that the sentence as imposed is an appropriate sentence in this case, complies with the factors that are to be considered as set forth at 18 U.S.C.§ 3553(a) and adequately addresses the totality of the circumstances.

*Id.* at 24, 25.  Nowhere in the transcript of Petitioner Jordan's sentencing hearing does any party to the sentencing colloquy between the Court, Defendant's counsel, Defendant/Petitioner Jordan, or the Government's counsel ever indicate that the sentencing guidelines are anything but advisory. Likewise, Petitioner's Judgment (R- 275), in which his sentence was reduced to writing , makes no reference whatsoever to mandatory sentencing guidelines.  Petitioner Jordan's contention to the contrary is without basis in fact or law.

In *Booker,* the Supreme Court held that the Federal Sentencing Guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge to *increase* a defendant's sentence based on facts that are neither found by the jury nor admitted by the defendant.  *Booker,* 543 U.S. at 244, 125 S.Ct. at 756.  To remedy this violation, the Court excised two specific provisions of the Sentencing Reform Act of 1984, to wit., 18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e), thereby rendering the guidelines "effectively advisory."  *Id.* at 245, 125 S.Ct. at 756-57.  As a result, a sentencing court must still "consider Guidelines ranges," but it may "tailor the sentence in light of other statutory concerns as well."  *Id.* at 245-46, 125 S.Ct. at 757 (citing 18 U.S.C. § 3553(a)). Additionally, the  United States Court of Appeals for the Eleventh Circuit has held that, "[a]fter *Booker,* sentencing requires two steps.  First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines.  Second, the district court must consider the

18 U.S.C. § 3553(a) factors to determine a reasonable sentence." *United States v. Talley,* 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).

Petitioner Jordan's exhaustive treatise on the law relative to advisory guideline sentencing post *Booker* is of no avail, because the District Court followed the *Booker* prescription exactly.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion for Writ of Error *Audita Querela* Pursuant to Title 28 U.S.C.§ 1651, be DENIED as failing to state a cause of action upon which this Court may grant relief. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 4th day of August 2009.

        **S/ G. MALLON FAIRCLOTH**
        **UNITED STATES MAGISTRATE JUDGE**